UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

HOLDING COMPANY OF THE
VILLAGES, INC., a Florida corporation,

       Plaintiff,

vs.

ANTHONY PICCIONE REAL ESTATE,
INC., a Florida corporation, and
ANTHONY PICCIONE, individually,

       Defendants.

_____/

Case No. 5:15-cv-205-Oc-41PRL

FILED

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, HOLDING COMPANY OF THE VILLAGES, INC., a Florida corporation ("Plaintiff"), sues the Defendants, ANTHONY PICCIONE REAL ESTATE, INC., a Florida Corporation ("AP Real Estate"), and Anthony Piccione, an individual ("Piccione"), and in support states the following:

### PARTIES

1.    Plaintiff is a Florida corporation with its principal place of business at 1020 Lake Sumter Landing, The Villages, Florida 32162. Plaintiff is engaged in, among other services, the business of real estate sales, construction and development.

2.    On information and belief, Defendant AP Real Estate is a Florida corporation with its principal place of business located at 416 SE 29th Terrace, Ocala, Florida 34471 and is in the business of real estate sales in and about this District (i.e., the Middle District of Florida).

3.     On information and belief, Defendant Anthony Piccione is an individual who resides in Ocala, Florida. Piccione is over the age of eighteen (18) and is otherwise believed to be sui juris.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 in that these claims arise under the Lanham Act, 15 U.S.C. § 1051 et seq., and has pendant jurisdiction under 28 U.S.C. § 1367(a) over the related state law claims.

5.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial portion of the events giving rise to the claims herein alleged occurred in this judicial district, and, upon information and belief, Defendants conduct business in, and/or reside in, and otherwise have substantial contacts within, the Middle District of Florida.

## FACTS COMMON TO ALL COUNTS

6.     Plaintiff is a nationally known supplier of high quality residential retirement homes and accompanying real estate sales and brokerage of residential housing and resale and rental of residential housing in Lake and Sumter Counties, Florida. Plaintiff promotes and sells its residential real estate under the trademark THE VILLAGES (also the "Mark") throughout Florida, the United States, and internationally.

7.     The Villages of Lake-Sumter, Inc. is a Florida corporation and wholly-owned subsidiary company of Plaintiff and is the original registrant and current licensee of THE VILLAGES trademark. Since approximately 2009, Plaintiff has been the owner of THE VILLAGES trademark and retains all legal rights and remedies associated with the Mark.

8. Plaintiff and its affiliated companies have used the Mark for real estate brokerage of residential housing and resale of residential housing and residential retirement home real estate construction and development, among other services, substantially and continuously, since at least as early as July 1992 when Plaintiff's predecessor in interest coined the term THE VILLAGES, and long prior to the infringing uses of the trademark VILLAGES and VILLAGES INFORMATION CENTER by Defendants.

9. Since adopting its Mark and name THE VILLAGES, Plaintiff has spent significant sums to advertise and promote THE VILLAGES Mark and has achieved significant commercial success throughout the United States and internationally. In fact, it is through Plaintiff's (and its affiliated companies') efforts that THE VILLAGES has become known as the source of real estate sales in Plaintiff's coined term THE VILLAGES for its residential retirement community which is now known the world over.

10. Through its longstanding use of the Mark, Plaintiff has acquired valuable common law trademark rights in the Mark for a variety of goods and services, and the Mark is widely recognized by consumers as being associated with the high quality real estate services offered by Plaintiff in the City of Lady Lake and throughout Florida and the United States.

11. Plaintiff has spent millions of dollars advertising and promoting THE VILLAGES Mark and its real estate development. Its marketing efforts include national television, internet, newspaper, magazine, and outdoor advertising.

12.    Plaintiff also promotes its development and real estate sales through an interactive website located at the domain name www.thevillages.com.  This website offers detailed information, maps, and contact information regarding the various VILLAGES communities and facilities, as well as a host of other news and information of interest to residents and prospective residents alike.

13.    To facilitate the sale of new and resale homes within its various residential communities, Plaintiff utilizes its related company, Properties of The Villages, Inc., a full service, licensed real estate agency.  Through Properties of The Villages, Inc., and its related and predecessor companies, Plaintiff has been engaged in the sale of real estate and related services since at least as early as 1992.  Real estate agency services are thus a critical component of the various services that Plaintiff and its subsidiaries and related companies offer to the public.

14.    Properties of The Villages, Inc. advertises new and resale homes and homesites for sale on the www.thevillages.com website.  Visitors to the site are provided with detailed descriptions and images of available homes and homesites by price range, as well as contact information for Properties of The Villages, Inc. for the ease in obtaining further information and to schedule showings of homes.

15.    Properties of The Villages, Inc. is the real estate sales force and realty company for the Plaintiff, doing business in the real estate sales field since at least as early as 1994, and has always been the real estate sales and marketing arm of Plaintiff and its related companies; promoting and selling real estate under THE VILLAGES Mark and brand.  AP Real Estate's sale of identical services in the same geographical location

using its confusingly similar marks is likely to cause considerable confusion to the public and damage to the Plaintiff.

      16.    In recognition of Plaintiff's exclusive rights to use THE VILLAGES Mark in commerce in the United States, the United States Patent and Trademark Office has issued the following trademark registrations (among others) for the Mark as set forth below. A true and correct copy of each of the federal registrations listed below is attached hereto as *Composite Exhibit "A."*

| Mark | Reg. No. | Registration Date | Goods/Services |
|------|----------|-------------------|----------------|
| THE VILLAGES | 2,614,700 | September 3, 2002 | Residential retirement home real estate construction and development. |
| THE VILLAGES | 2,339,401 | April 4, 2000 | Real estate brokerage of residential housing and resale of residential housing, real estate investment, real estate management for others, and real estate appraisal; insurance consultation, administration, and brokerage for life, health, fire, casualty, and property; banking services; entertainment in the nature of an on-going television program in the fields of general |

| Mark | Reg. No. | Registration Date | Goods/Services |
|------|----------|-------------------|----------------|
| | | | news and retirement living; operation of movie theaters and sporting facilities, namely, polo grounds, bowling alleys, and golf courses, all of which are located within residential developments. |
| THE VILLAGES | 3,915,348 | February 8, 2011 | Real estate brokerage of residential housing and resale of residential housing, real estate investment, real estate management for others, and real estate appraisal; insurance consultation, administration, and brokerage for life, health, fire, casualty, and property; banking services; entertainment in the nature of an on-going television program in the fields of general news and retirement living; operation of movie theaters and sporting facilities, namely, polo grounds, bowling alleys, and golf |

| Mark | Reg. No. | Registration Date | Goods/Services |
|------|----------|-------------------|----------------|
| | | | courses, all of which are located within residential developments. |
| The Villages | 4,468,815 | January 21, 2014 | Real estate brokerage; real estate investment services; real estate management of retirement communities; residential real estate agency services; insurance administration in the field of life, health, fire, casualty, and property insurance; insurance brokerage in the field of life, health, fire, casualty, and property insurance; insurance consulting in the field of life, health, fire, casualty, and property insurance; banking services; real estate development services in the field of retirement communities; building construction services; entertainment services, namely, the provision of continuing programs |

| Mark | Reg. No. | Registration Date | Goods/Services |
|---|---|---|---|
| | | | featuring general news and retirement living delivered by television; movie theaters; polo club services; providing bowling alleys; golf courses; golf club services; organizing sporting events, namely, polo, golf, and bowling. |
| The Villages | 4,581,036 | August 5, 2014 | Providing assisted living facilities; providing independent living residences and living facilities; health care services for treating Alzheimer's disease and memory deficiencies; nursing care. |

17.    Plaintiff's Mark, THE VILLAGES, through its widespread and long-term use, has acquired distinctiveness and has achieved secondary meaning in consumers' minds as to the source of Plaintiff's goods and services and the Mark has become famous.

18.    Through widespread and favorable public acceptance and recognition, Plaintiff's Marks are assets of substantial value to Plaintiff as symbols of its quality services and goodwill.

19.    Plaintiff's Registration No. 2,614,700 for THE VILLAGES has become incontestable pursuant to 15 U.S.C. § 1065, and Plaintiff's federally registered Marks

have been enforced in this District against others through consent judgment, a copy of which is attached hereto as *Exhibit "B"*.

20.     By its sale of identical services in the same geographical area, AP Real Estate is a direct competitor of Properties of The Villages, Inc.

21.     Piccione is the founder and president of AP Real Estate.  Prior to his involvement with AP Real Estate, Piccione was engaged as an independent contractor for Properties of The Villages, Inc. from approximately October 2013 to January 2015. During his tenure with Properties of The Villages, Inc., Piccione worked as a salesperson in the promotion and sales of residential property located in and about the community known as "The Villages", which community is developed and managed by Holding Company of The Villages, Inc. (and certain of its subsidiaries and related companies.)

22.     As a salesperson for Properties of The Villages, Inc., Piccione gained knowledge of the Plaintiff's ownership rights in its Mark and Plaintiff's use(s) of its Mark in connection with the marketing and sale of residential real estate in and about the community of The Villages.

23.     In severing his association with Properties of The Villages, Inc. and forming AP Real Estate, Piccione was integral in developing Defendant AP Real Estate's scheme to infringe upon Plaintiff's Mark.  Piccione has consciously directed AP Real Estate's infringing uses and is the dominant force behind AP Real Estate's offending conduct.

24.     Therefore, the actions of both Defendants are willful and wanton and are designed to impermissibly benefit off of Plaintiff's valuable Mark and the goodwill associated therewith.

<strong><u>DEFENDANTS' INFRINGING USES</u></strong>

25.     Upon information and belief, the Defendant, AP Real Estate, was incorporated in the State of Florida on or about January 27, 2015. Since at least that time, AP Real Estate, under the direction of Piccione, has marketed its competing real estate business by using signage, advertisements, and other marketing materials (by print, electronic, and oral means) that infringe on Plaintiff's protected federal, state and common law rights in and to its Mark. Copies which provide a sampling of AP Real Estate's infringing uses are attached hereto as ***Composite Exhibit "C."***

26.     Specifically, and most egregiously, the primary signage used by AP Real Estate to advertise its business reads "VILLAGES INFORMATION CENTER." This is particularly problematic in that the Properties of The Villages, Inc. has for many years made available and advertised to the public its identical, or nearly identical, Villages Sales and Information Centers. Coupled with the close proximity of AP Real Estate's location to that of the Properties of The Villages, Inc.'s information centers, this infringing use most assuredly will lead to or has led to customer confusion.

27.     Additionally, throughout AP Real Estate's promotional materials, Defendants espouse to be a "Villages" expert, frequently make use of the term "Villages" and further uses images of property owned by Plaintiff on its website www.piccionerealty.com.

28.     Piccione's previous work experience as a salesperson with Properties of The Villages is likely to cause confusion, or has caused confusion, to consumers who falsely believe, or may believe, that Piccione is affiliated with and/or is acting on behalf of Properties of The Villages, Inc.

29.     AP Real Estate has intentionally promulgated such confusion via its internet marketing (particularly, AP Real Estate's Zillow.com broker profile – see Composite Exhibit "A") by advertising AP Real Estate's history of "past sales" in and around the community of The Villages, which sales are almost exclusively sales made by Piccione in his capacity as a salesperson for Properties of The Villages, Inc. and not sales by AP Real Estate.

30.     Plaintiff's attorneys sent AP Real Estate a cease-and-desist letter on April 6, 2015 advising AP Real Estate of Plaintiff's trademark and copyright rights, putting it on notice of those rights, and demanding that AP Real Estate cease all infringing activity. A copy of that letter is attached hereto as *Exhibit "D."*

31.     Despite Plaintiff's afore-stated demand, AP Real Estate, at the direction of Piccione, continues to willfully infringe upon Plaintiff's Mark and intellectual property rights.

32.     Defendants' infringing actions are deliberate, wanton, and willful because Defendants are acting with full knowledge of Plaintiff's prior established rights and federal registrations for the Mark, THE VILLAGES, for real estate brokerage and related services.

33.     Defendants are aware of the fame of Plaintiff's Mark and Defendants began using similar trademarks long after Plaintiff's Mark became famous.

34.     AP Real Estate, with Piccione as its agent/officer, is a direct competitor of Plaintiff and AP Real Estate advertises to the residents of Plaintiff's residential retirement community and prospective residents.

35.     Due to the similarities between the Properties of The Villages, Inc. and AP Real Estate's modes of advertisement and their respective trade channels of advertising to consumers interested in residential retirement living, the uses are confusingly similar.

36.     Since AP Real Estate's business signage and other advertising materials all use VILLAGES predominantly for competing services, coupled with descriptive words, consumers and potential consumers of Plaintiff's services (or those of Plaintiff's related companies) are likely to encounter AP Real Estate's similar trademarks and will be confused (or have been confused) as to source or sponsorship.

37.     Defendants' actions are likely to cause confusion, mistake, or deception as to Defendants' services and the source of the services, and are likely to falsely suggest a sponsorship, connection, license, or association between such services and Plaintiff's real estate sales and development services by virtue of the above, and/or will direct or has directed windfall profits to Defendants due to the confusion caused by Defendants' use of trademarks similar to THE VILLAGES Mark.

38.     To date, Defendants have refused to discontinue use of the confusingly similar trademarks.

39.     Defendants' use of trademarks similar to Plaintiff's notorious and famous Mark THE VILLAGES is likely to cause confusion as to the source of Defendants' services, especially since the services of Defendant AP Real Estate are offered in close proximity to Plaintiff's development.

40.     Defendants' use of trademarks similar to Plaintiff's famous Mark are likely to cause dilution to Plaintiff's famous Mark and constitute false advertising and unfair competition.

41.     Plaintiff has retained the law firms of McLin Burnsed, P.A. and Latham, Shuker, Eden & Beaudine, LLP to enforce its rights in this matter, and it has agreed to pay said firms a reasonable attorneys' fee for their services herein.

42.     All conditions precedent to the filing and maintenance of this action have been performed, waived, or excused.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT
## 15 U.S.C. § 1114(1)

43.     Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 42 above as if fully set forth herein.

44.     Defendant, AP Real Estate, has reproduced, copied, or imitated Plaintiff's federally registered Mark, THE VILLAGES, in selling, offering for sale, and advertising its services in connection with ANTHONY PICCIONE REAL ESTATE, INC.

45.     AP Real Estate's use of the service marks VILLAGES and VILLAGES INFORMATION CENTER in connection with the sale of real estate is likely to cause

confusion, mistake, or deception of the public as to the origin, sponsorship, or approval of these services.

46.     AP Real Estate's intentional and deliberate actions constitute willful infringement of Plaintiff's federally registered Marks listed in Paragraph 16 of this Complaint in violation of 15 U.S.C. § 1114(1).

47.     Piccione, as the President of AP Real Estate, is the conscious and dominant force behind AP Real Estate's actions. Piccione, through AP Real Estate, has therefore willfully and wantonly violated Plaintiff's rights in and to its Mark. Because Piccione has actively and knowingly procured Defendant AP Real Estate's offending conduct, Piccione is personally liable for Plaintiff's damages (jointly, with AP Real Estate) under 15 U.S.C. § 1114.

48.     By reason of the Defendants' conduct, Plaintiff has been damaged.

49.     AP Real Estate's conduct, at the direction of Piccione, has enabled it to earn profits to which AP Real Estate is not in law, equity or good conscience entitled, and has unjustly enriched AP Real Estate, all to AP Real Estate's profit and Plaintiff's damage.

50.     Defendants' conduct in violation of 15 U.S.C. § 1114(1) has further caused and, unless permanently enjoined, will continue to cause, irreparable injury to Plaintiff in the form of lost goodwill, diminished reputation, and increased costs, and Plaintiff will lose control over its valuable federally registered THE VILLAGES Marks.

51.     The threatened continued injury to the Plaintiff outweighs whatever damage the proposed injunction may cause the Defendants, because Defendants have no

legitimate interest in the continued use of service marks similar to the Plaintiff's and a permanent injunction will merely enjoin Defendants from conducting business in a manner already prohibited by law.

52.     The public interest will be furthered by the granting of the permanent injunction because trademark laws were designed to prevent consumer confusion.

WHEREFORE, Plaintiff, HOLDING COMPANY OF THE VILLAGES, INC., demands judgment against Defendants, jointly and severally, and an award of relief to Plaintiff including, but not limited to, the following:

(a)     Permanent injunctive relief to enjoin all infringing use by Defendants of Plaintiff's Mark and marks confusingly similar thereto, including Defendants' use of VILLAGES and VILLAGES INFORMATION CENTER;

(b)     An Order directing the destruction of AP Real Estate's advertising and promotional materials and signage bearing the marks containing VILLAGES, including VILLAGES INFORMATION CENTER;

(c)     An Order requiring Defendant AP Real Estate to provide an accounting of profits, sales, and contracts made or to be made arising from AP Real Estate's infringing use, unfair competition and other wrongful acts;

(d)     All remedies permitted by 15 U.S.C. §§ 1114 and 1117, including but not limited to, recovery of Defendants' profits, Plaintiff's damages (as may be trebled), Plaintiff's reasonable attorneys' fees, and the costs of this action;

(e)     An award of pre-judgment and post-judgment interest; and

(f)     Such other and further relief as the Court may deem just and proper.

## COUNT II
## FALSE DESIGNATION OF ORIGIN AND FEDERAL FALSE ADVERTISING
## 15 U.S.C. § 1125

53.     Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 42 above as if fully set forth herein.

54.     AP Real Estate's actions in adopting trademarks that are confusingly similar to Plaintiff's are likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of AP Real Estate's services and the real estate services offered by AP Real Estate using its VILLAGES INFORMATION CENTER mark, among other impermissible marks, and thus constitute false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

55.     AP Real Estate's actions also constitute false and misleading advertising by misrepresenting the nature, characteristics, and/or qualities of AP Real Estate's services, in violation of Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125 (a)(1)(B).

56.     Piccione, as the President of AP Real Estate, is the conscious and dominant force behind AP Real Estate's actions. Piccione, through AP Real Estate, has therefore willfully and wantonly violated Plaintiff's rights in and to its Mark. Because Piccione has actively and knowingly procured Defendant AP Real Estate's offending conduct, Piccione is personally liable for Plaintiff's damages (jointly, with AP Real Estate) under 15 U.S.C. § 1114.

57.     As a result of the Defendants' conduct, Plaintiff has been damaged.

58. AP Real Estate's conduct, at the direction of Piccione, has enabled it to earn profits to which AP Real Estate is not in law, equity or good conscience entitled, and has unjustly enriched AP Real Estate, all to AP Real Estate's profit and Plaintiff's damage.

59. Defendants' conduct in violation of 15 U.S.C. § 1125 has further caused and, unless permanently enjoined, will continue to cause, irreparable injury to Plaintiff in the form of lost goodwill, diminished reputation, and increased costs, and Plaintiff will lose control over its valuable federally registered THE VILLAGES Marks.

60. The threatened continued injury to the Plaintiff outweighs whatever damage the proposed injunction may cause the Defendants, because Defendants has no legitimate interest in the continued use of service marks similar to the Plaintiff's and a permanent injunction will merely enjoin Defendants from conducting business in a manner already prohibited by law.

61. The public interest will be furthered by the granting of the permanent injunction because trademark laws were designed to prevent consumer confusion.

WHEREFORE, Plaintiff, HOLDING COMPANY OF THE VILLAGES, INC., demands judgment against the Defendants, jointly and severally, and an award of relief to Plaintiff including, but not limited to, the following:

    (a) Permanent injunctive relief to enjoin all infringing use by Defendants of Plaintiff's Mark and marks confusingly similar thereto, including Defendants' use of VILLAGES and VILLAGES INFORMATION CENTER;

(b)     An Order directing the destruction of AP Real Estate's advertising and promotional materials and signage bearing the marks containing VILLAGES, including VILLAGES INFORMATION CENTER;

(c)     An Order requiring AP Real Estate to provide an accounting of profits, sales, and contracts made or to be made arising from AP Real Estate's infringing use, unfair competition, and other wrongful acts;

(d)     All remedies permitted by 15 U.S.C. §§ 1114 and 1117, including but not limited to, recovery of Defendants' profits, Plaintiff's damages (as may be trebled), Plaintiff's reasonable attorneys' fees, and the costs of this action;

(e)     An award of pre-judgment and post-judgment interest; and

(f)     Such other and further relief as the Court may deem just and proper.

**COUNT III**
**FEDERAL TRADEMARK DILUTION**
**15 U.S.C. § 1125**

62.     Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 42 above as if fully set forth herein.

63.     Plaintiff's Mark has been used, advertised, and promoted extensively by Plaintiff for over 22 years and consequently is a famous mark known throughout Florida, the United States, and internationally.

64.     Defendant AP Real Estate was aware of the fame of Plaintiff's Mark and AP Real Estate began using the confusingly similar trademarks, VILLAGES and VILLAGES INFORMATION CENTER long after Plaintiff's Mark became famous.

Defendant Piccione was aware of the fame of Plaintiff's Mark through his previous association with Plaintiff's affiliated company, Properties of The Villages, Inc.

65.     AP Real Estate, at the direction of Piccione, has used the similar VILLAGES and VILLAGES INFORMATION CENTER in commerce in advertising and on its website and other promotional materials, seen throughout Florida and the United States.

66.     Piccione, as the President of AP Real Estate, is the conscious and dominant force behind AP Real Estate's actions. Piccione, through AP Real Estate, has therefore willfully and wantonly violated Plaintiff's rights in and to its Mark. Because Piccione has actively and knowingly procured Defendant AP Real Estate offending conduct, Piccione is personally liable for Plaintiff's damages (jointly, with AP Real Estate) under 15 U.S.C. § 1114.

67.     Defendants' use of trademarks similar to Plaintiff's Mark for identical services is likely to cause dilution to Plaintiff's famous Mark, in violation of 15 U.S.C. § 1125(c) and such dilution will continue and worsen unless enjoined by the Court.

68.     As a result of Defendants' conduct, Plaintiff has been damaged.

69.     AP Real Estate's conduct, at the direction of Piccione, has enabled it to earn profits to which AP Real Estate is not in law, equity or good conscience entitled, and has unjustly enriched AP Real Estate, all to AP Real Estate's profit and Plaintiff's damage.

70.     Defendants' conduct in violation of 15 U.S.C. § 1125(c) has further caused and, unless permanently enjoined, will continue to cause, irreparable injury to

Plaintiff in the form of lost goodwill, diminished reputation, and increased costs, and Plaintiff will lose control over its valuable federally registered THE VILLAGES Marks.

71.     The threatened continued injury to the Plaintiff outweighs whatever damage the proposed injunction may cause the Defendants, because Defendants have no legitimate interest in the continued use of service marks similar to the Plaintiff's and a permanent injunction will merely enjoin the Defendants from conducting business in a manner already prohibited by law.

72.     The public interest will be furthered by the granting of the permanent injunction because trademark laws were designed to prevent consumer confusion.

WHEREFORE, Plaintiff, HOLDING COMPANY OF THE VILLAGES, INC., demands judgment against Defendants, jointly and severally, and an award of relief to Plaintiff including, but not limited to, the following:

(a)     Permanent injunctive relief to enjoin all infringing use by Defendants of Plaintiff's Mark and marks confusingly similar thereto, including Defendants' use of VILLAGES and VILLAGES INFORMATION CENTER;

(b)     An Order directing the destruction of AP Real Estate's advertising and promotional materials and signage bearing the marks containing VILLAGES, including VILLAGES INFORMATION CENTER;

(c)     An Order requiring AP Real Estate to provide an accounting of profits, sales, and contracts made or to be made arising from AP Real Estate's infringing use, unfair competition and other wrongful acts;

(d)     All remedies permitted by 15 U.S.C. §§ 1114, 1117 and 1125(c), including, but not limited to, recovery of Defendants' profits, Plaintiff's damages (as may be trebled), Plaintiff's reasonable attorneys' fees, and the costs of this action;

(e)     An award of pre-judgment and post-judgment interest; and

(f)     Such other and further relief as the Court may deem just and proper.

**COUNT IV**
**TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**
**UNDER COMMON LAW**

73.     Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 42 above as if fully set forth herein.

74.     AP Real Estate, at the direction of Piccione, has reproduced, copied, or imitated Plaintiff's registered Mark, THE VILLAGES, in selling, offering for sale, marketing, and/or advertising its services and products in connection with the similar trademarks VILLAGES and VILLAGES INFORMATION CENTER, and consumers are likely to be confused.

75.     Piccione, as the President of AP Real Estate, is the conscious and dominant force behind AP Real Estate's actions. Piccione, through AP Real Estate, has therefore willfully and wantonly violated Plaintiff's common law rights in and to its Mark. Because Piccione has actively and knowingly procured Defendant AP Real Estate's offending conduct, Piccione should be held personally liable for Plaintiff's damages (jointly, with AP Real Estate).

76.    The aforesaid acts of Defendants constitute common law trademark infringement, misappropriation of Plaintiff's goodwill, and unfair competition under the common law of Florida by reason of which Plaintiff has suffered and will continue to suffer irreparable injury.

WHEREFORE, Plaintiff, HOLDING COMPANY OF THE VILLAGES, INC., demands judgment against Defendants, jointly and severally, and an award of relief to Plaintiff including, but not limited to, the following:

(a)    Permanent injunctive relief to enjoin all infringing use by Defendants of Plaintiff's Mark and marks confusingly similar thereto, including Defendants' use of VILLAGES and VILLAGES INFORMATION CENTER;

(b)    An Order directing the destruction of AP Real Estate's advertising and promotional materials and signage bearing the marks containing VILLAGES, including VILLAGES INFORMATION CENTER;

(c)    An Order requiring AP Real Estate to provide an accounting of profits, sales, and contracts made or to be made arising from AP Real Estate's infringing use, unfair competition, and other wrongful acts;

(d)    Recovery of Defendants' profits, Plaintiff's damages, Plaintiff's reasonable attorneys' fees, and the costs of this action;

(e)    An award of pre-judgment and post-judgment interest; and

(f)    Such other and further relief as the Court may deem just and proper.

## COUNT V
## UNFAIR COMPETITION IN VIOLATION OF
## FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

77.     Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 42 above as if fully set forth herein.

78.     AP Real Estate, at the direction of Piccione, knowingly and willfully reproduced, copied, or imitated Plaintiff's Mark, THE VILLAGES, in selling, offering for sale, marketing and/or advertising its services and products in connection with the similar trademarks VILLAGES and VILLAGES INFORMATION CENTER.

79.     Piccione, as the President of AP Real Estate, is the conscious and dominant force behind, and a direct participant in, AP Real Estate's actions. Piccione, through AP Real Estate, has therefore willfully and wantonly violated Plaintiff's rights in and to its Mark. Because Piccione has actively and knowingly procured Defendant AP Real Estate's offending conduct, Piccione should be held personally liable for Plaintiff's damages (jointly, with AP Real Estate).

80.     Defendants' conduct constitutes unfair methods of competition and/or unfair or deceptive acts or practices in the conduct of its business, in violation of the Florida Deceptive and Unfair Trade Practices Act, Section 501.201 et seq., Florida Statutes (2014).

81.     By reason of Defendants' conduct, Plaintiff has been damaged.

82.     AP Real Estate's conduct, at the direction of Piccione, has enabled it to earn profits to which AP Real Estate is not in law, equity or good conscience entitled, and

has unjustly enriched AP Real Estate, all to AP Real Estate's profit and Plaintiff's damage.

83.     Defendants' conduct has further caused and, unless permanently enjoined, will continue to cause, irreparable injury to Plaintiff in the form of lost goodwill, diminished reputation, and increased costs, and Plaintiff will lose control over its valuable federally registered THE VILLAGES Marks.

84.     The threatened continued injury to the Plaintiff outweighs whatever damage the proposed injunction may cause the Defendants, because Defendants have no legitimate interest in the continued use of service marks similar to the Plaintiff's and a permanent injunction will merely enjoin the Defendants from conducting business in a manner already prohibited by law.

85.     The public interest will be furthered by the granting of the permanent injunction because trademark laws were designed to prevent consumer confusion.

WHEREFORE, Plaintiff, HOLDING COMPANY OF THE VILLAGES, INC., demands judgment against Defendants, jointly and severally, and an award of relief to Plaintiff including, but not limited to, the following:

(a)     Permanent injunctive relief to enjoin all infringing use by Defendants of Plaintiff's Mark and marks confusingly similar thereto, including Defendants' use of VILLAGES and VILLAGES INFORMATION CENTER;

(b)     An Order directing the destruction of AP Real Estate's advertising and promotional materials and signage bearing the marks containing VILLAGES, including VILLAGES INFORMATION CENTER;

(c)     An Order requiring AP Real Estate to provide an accounting of profits, sales, and contracts made or to be made arising from AP Real Estate's infringing use, unfair competition and other wrongful acts;

(d)     All remedies permitted by F.S. §§ 501.207, 501.2105 and 501.211 (2014), including, but not limited to, recovery of Defendants' profits, Plaintiff's damages, Plaintiff's reasonable attorneys' fees, and the costs of this action;

(e)     An award of pre-judgment and post-judgment interest; and

(f)     Such other and further relief as the Court may deem just and proper.

## COUNT VI
## TRADEMARK INFRINGEMENT UNDER § 495.131, FLORIDA STATUTES

86.     Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 42 above as if fully set forth herein.

87.     AP Real Estate, at the direction of Piccione, has intentionally reproduced, copied, or imitated Plaintiff's Mark, THE VILLAGES, in selling, offering for sale, and advertising its services in connection with its business, specifically by use of VILLAGES and VILLAGES INFORMATION CENTER.

88.     AP Real Estate's use of the service marks, VILLAGES and VILLAGES INFORMATION CENTER in commerce in connection with the sale and rental of real

estate is likely to cause confusion, mistake, or deception of the public as to the origin, sponsorship, or approval of these services, and was done without Plaintiff's consent.

89. AP Real Estate's unauthorized use of VILLAGES and VILLAGES INFORMATION CENTER is so similar to Plaintiff's Marks that the public will mistake AP Real Estate's services for those of Plaintiff or believe that AP Real Estate is sponsored or approved by Plaintiff.

90. Piccione, as the President of AP Real Estate, is the conscious and dominant force behind, and a direct participant in, AP Real Estate's actions. Piccione, through AP Real Estate, has therefore willfully and wantonly violated Plaintiff's rights in and to its Mark. Because Piccione has actively and knowingly procured Defendant AP Real Estate's offending conduct, Piccione should be held personally liable for Plaintiff's damages (jointly, with AP Real Estate).

91. By reason of Defendants' conduct, Plaintiff has been damaged.

92. AP Real Estate's conduct, at the direction of Piccione, has enabled AP Real Estate to earn profits to which it is not in law, equity or good conscience entitled, and has unjustly enriched AP Real Estate, all to AP Real Estate's profit and Plaintiff's damage.

93. Defendants' conduct in violation of § 495.131, Florida Statutes (2014) has further caused and, unless permanently enjoined, will continue to cause, irreparable injury to Plaintiff in the form of lost goodwill, diminished reputation, and increased costs, and Plaintiff will lose control over its valuable federally registered THE VILLAGES Marks.

94.     The threatened continued injury to the Plaintiff outweighs whatever damage the proposed injunction may cause the Defendants, because Defendants have no legitimate interest in the continued use of service marks similar to the Plaintiff's and a permanent injunction will merely enjoin the Defendants from conducting business in a manner already prohibited by law.

95.     The public interest will be furthered by the granting of the permanent injunction because trademark laws were designed to prevent consumer confusion.

WHEREFORE, Plaintiff, HOLDING COMPANY OF THE VILLAGES, INC., demands judgment against Defendants, jointly and severally, and an award of relief to Plaintiff including, but not limited to, the following:

(a)     Permanent injunctive relief to enjoin all infringing use by Defendants of Plaintiff's Mark and marks confusingly similar thereto, including Defendants' use of VILLAGES and VILLAGES INFORMATION CENTER;

(b)     An Order directing the destruction of AP Real Estate's advertising and promotional materials and signage bearing the marks containing VILLAGES, including VILLAGES INFORMATION CENTER;

(c)     An Order requiring AP Real Estate to provide an accounting of profits, sales, and contracts made or to be made arising from AP Real Estate's infringing use, unfair competition, and other wrongful acts;

(d)     All remedies permitted by Section 495.141, Florida Statutes (2014), including, but not limited to, recovery of Defendants' profits, Plaintiff's

damages (as may be trebled), Plaintiff's reasonable attorneys' fees, and the costs of this action;

(e)     An award of pre-judgment and post-judgment interest; and

(f)     Such other and further relief as the Court may deem just and proper.

**COUNT VII**
**DILUTION UNDER § 495.151, FLORIDA STATUTES**

96.     Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 42 above as if fully set forth herein.

97.     Plaintiff's Mark has been used, advertised, and promoted extensively by Plaintiff for over 22 years and consequently is a famous mark known throughout Florida, the United States, and internationally.

98.     Defendant AP Real Estate was aware of the fame of Plaintiff's Mark and AP Real Estate began using the confusingly similar trademarks, VILLAGES and VILLAGES INFORMATION CENTER long after Plaintiff's Mark became famous. Defendant Piccione was aware of the fame of Plaintiff's Mark through his previous association with Plaintiff's affiliated company, Properties of The Villages, Inc.

99.     AP Real Estate, at the direction of Piccione, has used the similar VILLAGES and VILLAGES INFORMATION CENTER in commerce in advertising and on its signage, website, and other promotional materials seen throughout Florida and the United States.

100.     Piccione, as the President of AP Real Estate, is the conscious and dominant force behind, and a direct participant in, AP Real Estate's actions. Piccione, through AP Real Estate, has therefore willfully and wantonly violated Plaintiff's rights in

and to its Mark. Because Piccione has actively and knowingly procured Defendant AP Real Estate's offending conduct, Piccione should be held personally liable for Plaintiff's damages (jointly, with AP Real Estate).

101. Defendants' willful use of trademarks similar to Plaintiff's Mark for identical services is likely to cause dilution of the distinctive quality of Plaintiff's famous Mark, in violation of § 495.151, Florida Statutes (2014), and such dilution will continue and worsen unless enjoined by the Court.

102. As a result of Defendants' conduct, Plaintiff has been damaged.

103. AP Real Estate's conduct, at the direction of Piccione, has enabled it to earn profits to which AP Real Estate is not in law, equity or good conscience entitled, and has unjustly enriched AP Real Estate, all to AP Real Estate's profit and Plaintiff's damage.

104. Defendants' conduct in violation of § 495.151, Florida Statutes (2014) has further caused and, unless permanently enjoined, will continue to cause, irreparable injury to Plaintiff in the form of lost goodwill, diminished reputation, and increased costs, and Plaintiff will lose control over its valuable federally registered THE VILLAGES Marks.

105. The threatened continued injury to the Plaintiff outweighs whatever damage the proposed injunction may cause the Defendants, because Defendants have no legitimate interest in the continued use of service marks similar to the Plaintiff's and a permanent injunction will merely enjoin the Defendants from conducting business in a manner already prohibited by law.

106.    The public interest will be furthered by the granting of the permanent injunction because trademark laws were designed to prevent consumer confusion.

WHEREFORE, Plaintiff, HOLDING COMPANY OF THE VILLAGES, INC., demands judgment against Defendants, jointly and severally, and an award of relief to Plaintiff including, but not limited to, the following:

(a)    Permanent injunctive relief to enjoin all infringing use by Defendants of the Plaintiff's Mark and marks confusingly similar thereto, including Defendants' use of VILLAGES and VILLAGES INFORMATION CENTER;

(b)    An Order directing the destruction of AP Real Estate's advertising and promotional materials and signage bearing the marks containing VILLAGES, including VILLAGES INFORMATION CENTER;

(c)    An Order requiring AP Real Estate to provide an accounting of profits, sales, and contracts made or to be made arising from AP Real Estate's infringing use, unfair competition, and other wrongful acts;

(d)    All remedies permitted by Section 495.141, Florida Statutes (2014), including, but not limited to, recovery of Defendants' profits, Plaintiff's damages (as may be trebled), Plaintiff's reasonable attorneys' fees, and the costs of this action;

(e)    An award of pre-judgment and post-judgment interest; and

(f)    Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable to a jury.


Dated this __21st__ of April, 2015.


| | |
|---|---|
| /S/ *Phillip S. Smith* | /ltm/ |
| **Phillip S. Smith, Esquire** | **Lori T. Milvain, Esquire** |
| Florida Bar No.0999040 | Florida Bar No. 0116660 |
| PhilS@mclinburnsed.com | lmilvain@lseblaw.com |
| **Lindsay C. T. Holt , Esquire** | **Jennifer S. Eden, Esquire** |
| Florida Bar No. 0041179 | Florida Bar No. 0867594 |
| LindsayH@mclinburnsed.com | jeden@lseblaw.com |
| **MCLIN BURNSED, P.A.** | **LATHAM, SHUKER, EDEN &** |
| P.O. Box 491357 | **BEAUDINE, LLP** |
| Leesburg, FL 34749-1357 | 111 N. Magnolia Avenue, Suite 1400 |
| Telephone:   (352) 787-1241 | Orlando, Florida 32801 |
| Facsimile:   (407) 787-4265 | Telephone:   (407) 481-5800 |
| *Trial Counsel for Plaintiff* | Facsimile:   (407) 481-5801 |
| | *Co-Counsel for Plaintiff* |